PATRICK CLEARY, RESPONDENT, v. GAMALIEL R. CHRISTIE, APPELLANT.

*Putting in fictitious sureties in an undertaking on appeal — Code of Civil Procedure, sec. 14, sub. 2 — it must be adjudged that actual prejudice had been occasioned — Code of Civil Procedure, sec. 2281.*

In these proceedings, instituted by the plaintiff to have the defendant adjudged guilty of contempt, under subdivision 2 of section 14 of the Code of Civil Procedure, in procuring a stay of proceedings, after taking an appeal, by putting in fictitious sureties in the undertaking given upon the appeal, an order was made adjudging him guilty of contempt and directing his imprisonment until he should pay to the plaintiff the amount of the judgment recovered against him and ten dollars costs.

*Held,* that as it was essential to the validity of an order, which undertakes to recompense the party injured in this manner, by the imposition of a fine, that an adjudication or a decision appear establishing that the person for whose benefit the fine has been imposed has in truth and fact been prejudiced by the unlawful proceedings complained of, or that the court can see that he might have been so prejudiced, and as no such adjudication was made in this case, that the order should be reversed, the General Term having no power to correct the error on appeal.

APPEAL from an order of the Special Term, adjudging the appellant guilty of contempt and directing his imprisonment until he should pay to the plaintiff the sum of $762.50, which was the amount of the judgments previously obtained against him by the respondent, with ten dollars costs of motion.

*Miller & Savage*, for the respondent.

*Howe & Hummel*, for the appellant.

MACOMBER, J. :

The proceedings instituted against the defendant are based upon subdivision 2 of section 14 of the Code of Civil Procedure, which gives the court power to punish, by fine and imprisonment, or either, a party to the action or special proceeding for putting in fictitious bail or a fictitious surety. After the judgment had been obtained by the plaintiff against the defendant, and simultaneously with the appeal by the defendant therefrom, an undertaking, in the usual form, was served upon the respondent's attorneys. The sureties to this undertaking (Carl Pfuffer and Anton Miller) are clearly shown to be fictitious persons, having no known place of residence, or even of existence, so far as this case discloses the fact, and consequently the party putting in such sureties upon appeal is amenable to the punishment provided for it by the Code of Civil Procedure. Inasmuch as, throughout the affidavits and the testimony taken before the referee, it is undisputed that these supposed sureties are mere myths, the principal question for the consideration of this court is, whether or not the defendant took such a personal and active part in procuring the execution of the undertaking as to render himself amenable to the punishment of the statute. The defendant testifies positively that he had nothing to do with the procuring of the sureties, but that he left that matter entirely in the hands of his attorney, who voluntarily offered to procure them, and the defendant at the time paid his attorney the sum of fifty dollars, which, as he was told by the attorney, was to be equally divided between the two sureties. The notary public, before whom the acknowledgment and affidavits were made, testifies that it was the attorney, and not the party, that brought the supposed sureties before him, and it was upon the introduction of the attorney alone that he made the usual certifi-

# 568 CLEARY v. CHRISTIE.

cate of acknowledgment to the undertaking by which he certified that the parties making the acknowledgment were personally known to him. He says that that part of the certificate was based entirely upon the representation made to him by the defendant's attorney. This testimony, if true, goes far to show that if any mistake has been made by the plaintiff in instituting these proceedings, it is in the omission to join as a party thereto the former attorney of record of the defendant. But he is not a party, and no order that can be made in this proceeding can affect him in a legal aspect. It is due to the attorney to say, however, that in his testimony he denies that he procured the sureties or that he received the fifty dollars from the defendant therefor. He does admit substantially that he did take the men before the notary public, and that the notary's action was based upon what he, the attorney, told him. He further testifies that the defendant personally brought to him the persons who executed the undertaking in the name of Carl Pfuffer and Anton Miller. Confessedly, whatever was done in the premises was for the benefit of the defendant himself. He has reaped the advantage of having the case against him stayed upon appeal for a considerable length of time. He has profited by the acts done in his behalf, even though they were undertaken exclusively by his agent, but in order to hold the defendant for contempt it must be shown that he either personally participated in the unlawful proceeding or that he authorized or had knowledge of it. This is sufficiently shown by the testimony of his former attorney of record. But, aside from such evidence, if the acts performed by the attorney were done under such circumstances as that the defendant had reason to believe they were irregular, he must be held to all of the consequences flowing therefrom. The case is not devoid of circumstances and inferences from the whole testimony which connect the defendant actively with the fraud so perpetrated upon the court, aside from the positive allegations of the attorney. While he claims to have been able to furnish bail from among his list of acquaintances, he cheerfully submitted to the exaction of fifty dollars, according to his own testimony, to be paid to some persons to him unknown, to enable him to avoid the unpleasantness of calling upon his acquaintances for aid. The names of the proposed sureties, as he says, were not given him, nor their occupations or residences. Under

these circumstances any man of ordinary intelligence, if entirely honest, would have surmised that some subterfuge or irregularity was to be resorted to in order to effect what he so much desired, namely, a stay of proceedings upon the judgment against him. The slight corroboration of actual knowledge of the defendant in these proceedings is found in the fact testified to by him that he was told by his attorney, shortly after the putting in of this fictitious bail, that the ·case had been tied up, for aught he knew, for twenty years to come. Nor is this all; the defendant testified that after the dismissal of the appeal his attorney requested him to say to any persons who should make inquiries about the sureties upon the undertaking that he did not know anything about them, but they were provided by a friend of his for his accommodation, inasmuch as he, the defendant, lived in the State of New Jersey at the time. The defendant made no objection to this and seems to have acquiesced in the suggestion and recommendation of his counsel, and that, too, under such circumstances as show that he was not wholly unacquainted with the original scheme and fraudulent purpose of putting in fictitious bail.

While, therefore, the defendant's own testimony makes out a strong case against his former attorney, and goes far to show, if true, that all of the parties who were concerned in the deceit are not before the court, yet other facts and circumstances in the case, and proper inferences therefrom, show, as the referee has found as matter of fact, that the contempt was committed by the defendant. These considerations would lead to an affirmance of the order, provided it was drawn and entered in accordance with the facts established and in pursuance of the somewhat rigid provisions of the statute. The offense, as it has been described, is not a criminal contempt. Its punishment is determined by sundry subsequent sections of the Code of Civil Procedure, beginning with section 2266. The order should have provided for the punishment of the defendant, in pursuance of section 2281, which is as follows: "If it is determined that the accused has committed the offense charged; and that it was calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies of a party to an action or special proceeding, brought in the court or before the judge or referee; the court, judge or referee must make a final order accordingly, and directing that he be punished by fine or imprisonment, or both, as the nature

of the case requires," etc. We find, on examination of the order appealed from, that the defendant is convicted in reality of only the contempt of court, in putting in a false and fictitious bail or sureties. In the absence of an adjudication that such acts impaired or impeded the rights of the plaintiff, the punishment could not be so severe as has been imposed by the Special Term upon the defendant. But there is no adjudication that the facts were calculated to, or actually did, defeat, impair, impede or prejudice the plaintiff's rights. It is true that there were sufficient facts before the court to enable such an adjudication to be made; but it has not been made, not even inferentially. The material part of the order is as follows: " Ordered and adjudged that said defendant, Gamaliel R. Christie, is hereby adjudged guilty of contempt of court in putting in such false or fictitious bail or sureties. And it is hereby ordered and adjudged that the sheriff of said county of New York arrest and commit to prison in his county said Gamaliel R. Christie, and that he be kept imprisoned until he shall pay, or cause to be paid, to said sheriff, for said plaintiff or his attorneys, the full amount of said judgment for seven hundred and twenty and eighty one-hundredths dollars ($720$\frac{80}{100}$), with interest from its entry, June 16, 1884, and also the amount of the said judgment for costs, on the dismissal of the appeal, for forty-one and seventy one-hundredths dollars ($41$\frac{70}{100}$), entered May 14, 1885, with interest and also ten dollars costs of this motion."

It is evident that there was some inadvertence in the preparation of the terms of this order, but we have no power to correct it on this appeal; on the contrary, though reluctantly, we feel constrained to reverse the same, leaving the plaintiff to proceed as he may be advised, for it is essential to the validity of an order which undertakes to recompense the party injured in this manner, by the imposition of a fine, that an adjudication or a decision appear that the person for whose benefit the fine has been imposed has, in truth and fact, been prejudiced by the unlawful proceedings complained of, or that the court can see that he might have been so prejudiced. (*Clark* v. *Bininger*, 75 N.Y., 344; *Sandford* v. *Sandford*, 24 N.Y. Week. Dig., 208.)

The order appealed from is reversed, but without costs.

DANIELS, J., concurred; BRADY, P. J., concurred in the result.

Order reversed, without costs.